UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-cv-00500-CHB-RSE

**REBECCA BARLOW**                                                                    **PLAINTIFF**

**VS.**

**NCMIC INSURANCE COMPANY**                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

In this third-party bad-faith case, Plaintiff Rebecca Barlow ("Barlow") alleges that Defendant NCMIC Insurance Company ("NCMIC") engaged in bad faith in handling the defense of a medical malpractice case Barlow won against Leah Wright, one of NCMIC's insured chiropractors. (DN 24, at PageID # 357). NCMIC has filed a Motion for Confidentiality and Protective Order and submitted a proposed confidentiality agreement. (DN 24). Barlow has responded in opposition. (DN 27). NCMIC has filed a reply. (DN 31). Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter has been referred to the undersigned United States Magistrate Judge for resolution of all non-dispositive pretrial motions and discovery disputes. (DN 8).

### Background

Barlow has submitted several discovery requests to NCMIC seeking information about NCMIC's financial investments, its funding of chiropractic research, documents related to its handling of claims, indemnity payments, and payments to expert witnesses in the underlying case and other cases. (DN 24, at PageID # 357).

NCMIC asserts that the requested discovery material is confidential information and a protective order is necessary to limit the disclosure of sensitive information and to prevent its

publication or use outside this litigation. (*Id.* at PageID # 357-58). The confidential information NCMIC desires to protect includes: (1) its internal claims handling guidelines; (2) internal data relating to its indemnity payments for claims; (3) the type and number of claims for different periods of time; and (4) the amount and frequency of payments to expert witnesses or consultants. (*Id.* at PageID # 356). NCMIC claims that failure to enter a protective order would allow Barlow to disclose its business information outside the confines of the lawsuit and would increase the likelihood of this information being disseminated to its competitors (i.e., other insurance companies or opponents involved in other litigation against NCMIC). (*Id.*). NCMIC argues that the exposure of its confidential information to outside sources would cause irreparable harm in unrelated cases and competitive disadvantage in the marketplace. (*Id.* at PageID # 357). Specifically, NCMIC claims that if other litigants discover its average indemnity payments on similar claims, it will be at a strategic advantage when negotiating settlements despite the value of a claim being dependent on the individual case. (*Id.* at PageID # 360). NCMIC attached its Proposed Confidentiality and Protective Order to its motion. (DN 24-1). It also attached an affidavit from Keith Henaman ("Henaman"), its Senior Vice President of Claims, highlighting the appropriateness of the proposed order's terms. (DN 24-2).

      Barlow responds that she does not object to the entry of a limited protective order. (DN 27, at PageID # 410). However, Barlow objects to Provisions Seven, Eight, Twelve, and Sixteen of NCMIC's Proposed Protective Order, arguing that the conditions are unreasonable and unnecessary. (*Id.* at PageID # 411). Barlow requests that the Court defer ruling on NCMIC's Motion so that the parties may meet and agree to a narrowly tailored protective order that provides a reasonable degree of protection over the subject information without prejudicing Barlow's interests. (*Id.* at PageID # 412).

In reply, NCMIC reiterates the importance of maintaining the security of the confidential information outlined in the protective order. (DN 31, at PageID # 604). NCMIC expresses its disagreement with Barlow's objections, stating that the provisions are commonly imposed by courts situated in a similar position. (*Id.* at PageID # 605). NCMIC requests that the Court enter its proposed Confidentiality and Protective Order, which accounts for past productions of confidential material and provides a framework for the designation of future confidential documents. (DN 24, at PageID # 357).

Analysis

Under Rule 26(c) of the Federal Rules of Civil Procedure, a party seeking a protective order must demonstrate "good cause" for its entry. Fed. R. Civ. P. 26(c)(1). Despite a presumption that pre-trial processes will remain public, the moving party can overcome this by demonstrating that failure to protect its confidential information will result in "clearly defined and very serious injury." *Owens v. Liberty Life Assurance Co.*, No. 4:15-CV-00071-JHM-HBB, 2016 WL 7238816, at *2 (W.D. Ky. Dec. 14, 2016*); see also Mitchell v. Home Depot U.S.A.*, No. 3:11-CV-332, 2012 WL 2192279, at *2 (W.D. Ky. June 14, 2012); *Waelde v. Merck, Sharp & Dohme*, 94 F.R.D. 27, 28 (E.D. Mich. 1981). Conclusory and ambiguous allegations of confidentiality and competitive harm are insufficient. *Mitchell*, 2012 WL 2192279, at *4-5. Instead, the moving party must make "a particularized showing that the information sought is confidential" and provide "specific examples" of competitive harm. *Parsons v. General Motors Corp.*, 85 F.R.D. 724, 726 (N.D. Ga. 1980); Fed. R. Civ. P. Rule 26(c)(7). To satisfy Rule 26(c), the moving party must show: (1) the interest for which protection is sought is an actual trade secret or other confidential business information and (2) there is good cause for the entry of a protective order. *Mitchell*, 2012 WL 2192279, at *2.

NCMIC establishes its need for its Proposed Protective Order in Henaman's affidavit which explains what information NCMIC seeks to protect, NCMIC's history of preserving the information, and why exposure of that information will cause NCMIC to suffer harm as an organization. (*See* DN 24-2, at ¶ 4-21). Specifically, Henaman explains that NCMIC's claims guidelines, payments to experts and consultants, and internal data relating to its indemnity payments for specific claims are not publicly published and how this information provides NCMIC with a market advantage compared to its competitors in the industry. (*Id.*). Henaman further explains the concern of potential exposure of NCMIC's information to litigants which could cause other litigants not involved in the insurance industry, including Barlow's counsel in this case, to use their information as an advantage in negotiations or litigation. (*See* DN 24-2, at ¶ 18-21). Additionally, other consultants, experts, or third-parties may utilize the information of billable rates and payments made from NCMIC to its expert consultants which could cause a competitive advantage (i.e. negotiating for increased rates themselves). (*Id.*). It is clear that NCMIC has undertaken efforts to maintain the confidentiality of its business information and that its market advantage derives from the manner in which it handles claims, trains employees, and its relationship with experts. NCMIC's concern with the public disclosure of such information is a legitimate privacy concern because the consequences of dissemination could compromise its security, negatively affect its competition in the marketplace, and expose it to harm from future litigants. Moreover, the fact that Barlow does not object to the entry of a protective order further supports the Court's decision.

Additionally, Barlow's objections to specific provisions in NCMIC's proposed order are not compelling. Provision Seven would require people in the categories set forth in Paragraphs 5(b), (e), (g), and (h) of the Proposed Protective Order to sign a copy of the "Undertaking"

4

(attached as Exhibit 1 to the Proposed Protective Order) before disclosure of any confidential materials.[1] (DN 24-1, at ¶ 7). Barlow argues that this provision could inhibit her ability to secure expert witnesses in this case that she might otherwise retain since any potential or actual expert witnesses would be required to execute a document that subjects them to the jurisdiction of a specific court. (DN 27, at PageID # 411). NCMIC emphasizes that the Undertaking is a necessary tool to put people receiving such information on notice of its confidentiality. (DN 31, at PageID # 606). NCMIC argues that it is not uncommon that a court of jurisdiction be outlined in such an agreement. (*Id.*). Furthermore, NCMIC states that, without subjecting experts or others involved in the current matter to the same restrictions, it would make the Protective Order ineffective since their disclosure would have no limitations. (*Id.*). NCMIC claims that the "Undertaking" is designed to promote Barlow's ability to retain and rely on expert witnesses without limiting their access to information. (*Id.*).

Provision Eight of the proposed order would require Barlow to provide NCMIC with three days' notice prior to filing a confidential document with the Court to allow the parties to file a joint motion for leave to file the document under a seal. (DN 24-1, at ¶ 8). Specifically, Provision Eight states:

> Unless otherwise ordered by the Court or agreed to by the parties, should any party seek to file any documents and deposition transcripts containing or reflecting Confidential Information with the Court or any appellate court, said party shall notify the party that has designated the information as Confidential Information and afford the designating party no less than 3 business days to file a joint motion for

---

[1] Specifically, paragraphs 5(b), (e), (g), and (h) describe the categories of people or entities that can obtain information designated as "confidential" by either court order or by written consent of all counsel of record. (DN 24-1, at ¶ 5). The categories include: "(b) the parties to this action, any officers, directors, or employees of such parties, to whom disclosure is required for the prosecution or defense of this action;" (e) consulting experts or testifying expert witnesses, their associates, assistants, and "other personnel employed by them directly that agree to be bound by the terms of the Protective Order," (g) "other people specifically designated by written consent of all attorneys of record or pursuant to Court Order," and (h) "witnesses and/or their counsel, during the course of trial, hearings and depositions (or in preparation therefore) in this action who agree to be bound by the terms of the Protective Order." (*Id.*).

5

> leave to seal and applicable law. Although filed jointly, the designating party is fully responsible for preparing the joint motion, filing same, and making any and all arguments in support of the motion. The motion for leave to seal must explain why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from disclosure.

(*Id.*). Barlow argues that this provision could require her to join in a motion to which she does not agree and would interfere with her ability to meet briefing deadlines because of the time it takes a court to rule on a motion. (DN 27, at PageID # 411). Since the motion for leave would be filed jointly, NCMIC argues that Barlow would not be penalized. (DN 31, at PageID # 607). Additionally, NCMIC argues that Barlow would be allotted time for the Court to order the seal prior to filing, or, alternatively, the Court may permit such filing under seal without the parties first filing the joint motion. (*Id.*). NCMIC asserts that, without filing the documents under seal, they could become public and undermine the purpose of the protective order. (*Id.*).

Barlow states that Provision Twelve would require her, within thirty days of any conclusion of this action, to destroy all documentation shared, produced, or used as evidence in this case and file a certification of destruction. (DN 27, at ¶ 2). Barlow argues that this would leave her and her counsel without complete records of the proceedings which they state may be needed later "for any number of reasons."[2] (*Id.*). Provision Twelve states that, "Within thirty (30) days of conclusion of this case, (including any appeals), all Confidential Information and all copies, duplications, extracts and summaries thereof shall be returned to the producing party or destroyed at the producing party's request with a letter to counsel for the producing party certifying that all Confidential Information has been returned or destroyed, except that counsel of record shall be entitled to retain all information and materials which constitute work product." (DN 24-1, at ¶ 12).

---

[2] While Barlow claims that the destruction of documentation shared in this case would leave her and her counsel without complete records "for any number of reasons," Barlow fails to address the merit of what these "reasons" are or could be. (DN 27, at ¶ 2).

6

NCMIC states that, after the proceedings in this case end and appeals are complete, Barlow should have no further appropriate use of the confidential information. (DN 31, at PageID # 608).

Finally, Provision Sixteen would require written notice within three business days to counsel for the designating party if a non-designated party receives a subpoena or other request seeking disclosure of confidential information. (DN 24-1, at ¶ 16). This provision maintains that in no event may production be made without written approval by counsel of the designating party or by further order of a court. (*Id.*). Barlow argues that Provision Sixteen appears to require that she or her counsel defy a subpoena or discovery request. (DN 27, at PageID # 411). NCMIC denies this argument, asserting that this provision acts as another measure to ensure confidentiality of its business information. (DN 31, at PageID # 608-09).

The language of these provisions has been utilized by other magistrate judges in this District as recommended terms of protective orders. *See, e.g.*, *Ingalsbe v. Henderson Health Facilities, L.P.*, No. 4:16-CV-00070-JHM, 2017 WL 1147492, at *6 (W.D. Ky. Mar. 27, 2017); *Billett v. Ulta Salon, Cosms. & Fragrance, Inc.*, No. 5:19-CV-00170-TBR-LLK, 2020 WL 2521516, at *4 (W.D. Ky. May 18, 2020). For instance, in *Ingalsbe*, the court granted the defendant hospital's request for a protective order over its business information. 2017 WL 1147492, at *2. After determining that there was good cause for a protective order, the court found that public disclosure of those documents would cause a clearly defined and serious injury to the hospital because (1) "competing businesses would be able to see the details of [the hospital's] business and finances, and [] utilize that information to obtain an unfair competitive advantage[;]" (2) it could lead to litigation against the hospital; and (3) it could place the hospital at risk for federal and/or state fines. *Id.* at *3. Here, NCMIC is facing a similar risk of injury from disclosure as the hospital in *Ingalsbe* and has presented a specific and concrete harm. While the hospital's proposed

protective order in *Ingalsbe* was partially rejected because of its failure to address a number of important matters,³ the granted provisions included in the protective order draft are nearly identical to the provisions with which Barlow objects. *Id.* at *3-8. The Magistrate Judge in *Ingalsbe* attached a protective order draft to its order as a guideline for the parties to follow in reaching an agreed protective order. *Id.*

Similarly, in *Billett*, the defendant's motion for protective order was also granted in part because it met its burden of demonstrating good cause for protection of its surveillance video. *Billett*, 2020 WL 2521516, at *3. However, the court held that, because the defendant failed to file an affidavit in support of its motion for protection of its claim report, failed to assert why the information should be protected, and failed to demonstrate how disclosure of such information would lead to a clearly defined and serious injury, it did not meet its burden of demonstrating good cause for a protective order over the claim report. *Id.* at *4. Here, NCMIC submitted an affidavit in support of its Motion and articulated how disclosure of its confidential information could compromise its security and expose it to irreparable harm from its competitors. (DN 24, at PageID # 357, 360, 363); (DN 24-1*).* Several provisions in the *Billett* protective order are also nearly identical to Provisions Seven, Twelve, and Sixteen of NCMIC's Proposed Protective Order. *Compare Billett*, 2020 U.S. Dist. LEXIS 86822, at *11-14, 17-18, *with* (DN 24-1, at ¶ 7, ¶ 12, ¶ 16).

After reviewing NCMIC's Proposed Protective Order, the Court concludes that the provisions Barlow contests do not extend beyond what is necessary to protect the interests sought

---

³ The hospital's proposed protective order failed to address matters such as appropriate storage of documents, disclosure of documents to experts, challenging the confidential designation of certain documents, and the procedures regarding the documents that will be followed upon conclusion of the case. *Ingalsbe v. Henderson Health Facilities, L.P.*, No. 4:16-CV-00070-JHM, 2017 WL 1147492, at *3-8 (W.D. Ky. Mar. 27, 2017). NCMIC's Proposed Protective Order, however, addresses these concerns.

and NCMIC has succeeded in its burden to demonstrate that the documents are confidential commercial information for which disclosure will cause a clearly defined and serious injury. Barlow fails to show how the provisions of the Proposed Protective Order, which are common in protective orders that have been previously entered by this Court, prejudices her ability to obtain discovery. The Proposed Protective Order properly addresses disclosure of the documents to experts, procedures that will be undertaken upon conclusion of the case, and disputes over the confidential designation of certain documents. Upon review of NCMIC and Barlow's interests, the Court concludes that the Proposed Protective Order is necessary to protect NCMIC's confidential information from public disclosure and there is good cause for its entry.

## ORDER

**IT IS THEREFORE ORDERED** that Defendant NCMIC Insurance Company's Motion for Protective Order (DN 24) is **GRANTED**. The Clerk of Court is directed to enter NCMIC's Proposed Protective Order (DN 24-1) in the record.

Copies:       Counsel of Record